**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK W. STEMLER, et al.,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:18-1763** |
| **v.** | : | **(JUDGE MANNION)** |
| **BOROUGH OF PARRYVILLE, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM**

Before the court is defendants' motion to dismiss plaintiffs' amended complaint pursuant Fed.R.Civ.P. 12(b)(6). (Doc. 15). For the reasons stated below, defendants' motion to dismiss will be **GRANTED** as to all federal claims and this court will decline to exercise supplemental jurisdiction over the remaining state law claims.

I.     **PROCEDURAL HISTORY**

On September 6, 2018, plaintiffs, Mark W. Stemler and Parryville Properties Too, LLC, ("PPT")[1], commenced the instant action against the

_____

[1] Mr. Stemler is the sole member of PPT.

Borough of Parryville, Ralph Washburn, Martin Sowers and Dean Emrey. (Doc. 1). On November 13, 2018, defendants filed a motion to dismiss plaintiffs' complaint, after which plaintiffs were granted an extension of time to either file an amended complaint or otherwise respond to defendants' motion to dismiss. (Doc. 11).

On January 1, 2019, plaintiffs filed an amended complaint setting forth the following claims: (1) violation of their §1983 substantive due process rights; (2) violation of their §1983 procedural due process rights; (3) §1983 retaliation; (4) §1983 conspiracy; (5) civil conspiracy; (6) tortious interference; and (7) abuse of process. (Doc. 12). On January 15, 2019, defendants filed a motion to dismiss plaintiffs' amended complaint (Doc. 15) and a brief in support was filed on January 28, 2019. (Doc. 16). Plaintiffs filed a brief in opposition to defendants' motion to dismiss on February 12, 2019. (Doc. 18). Defendants' motion is now ripe for disposition.

## II.   **FACTUAL BACKGROUND**[2]

Sometime in late 2008 early 2009, Mr. Stemler brought suit against the Borough of Parryville and Borough officials alleging that Borough officials targeted him through arbitrary enforcement of building codes and zoning ordinances in order to harass and damage him and his business interests. The litigation was resolved by way of a stipulated settlement agreement ("agreement") that was executed by the parties in December 2012 and was accepted and filed of record with the Carbon County Court of Common Pleas on January 11, 2013. The agreement reflects that, at that time, the Borough of Parryville was in the process of rewriting its 1986 zoning ordinance which the plaintiff alleges was an invalid ordinance.

At the time of the agreement, defendant Washburn served as a Borough councilman and defendant Emrey served as the Borough's mayor. Because defendants Washburn and Emrey were Borough officials at the time of the agreement, plaintiffs believe that the two were aware of the agreement. From December 2012 until June 2016, Parryville went through a

---

[2] The factual background accepts all of the plaintiffs' well-pleaded facts as true as the court must do at the motion to dismiss stage.

series of zoning and building code enforcement officers. However, plaintiffs believe that when new personnel started Borough officials did not disclose the agreement to them in order to avoid the terms of the agreement.

In or before May 2016, defendants Emrey, Washburn and Sowers had a meeting in which "a plan and scheme was hatched to seek retribution against [Mr. Stemler] and to otherwise harass and cause harm and damage to Mr. Stemler and his interests." (Doc. 12, p. 8). Following the May 2016 meeting, Sowers "purports to have been engaged as Parryville's zoning officer, building code officer, UCC Program Manager and enforcement officer by way of written resolution." (Doc. 12, p. 8). It is plaintiffs' belief that Borough officials purposefully withheld and failed to disclose the agreement to defendant Sowers at the time of his appointment and "instead left him unaware of Parryville's duties and obligations thereunder," in order that Sowers would take adversarial action against Mr. Stemler. (Doc. 12, p. 9). "[I]t was the objective of Parryville, Washburn and Emrey that Sowers remain ignorant respecting the Stipulated Settlement Agreement and the facts and circumstances relating to Mr. Stemler, believing that if he were enlightened

that it would be less likely that Sowers would do their bidding and be part of their plan and scheme directed at Mr. Stemler." (Doc 12, p. 9).

After the May 2016 meeting, plaintiffs began to receive various notices, orders, and demands, including the following:

1) December 5, 2016 - Correspondence asserting that the property situated at 101 Centre Street is within the floodway.

2) December 12, 2016 - Order to Show Cause asserting that a structure was being built at 162 Main Street without a building permit and advising plaintiffs of the right to appeal to the Parryville Borough UCC Appeals Board, which plaintiffs claim was non-existent at the time of the order.

3) January 23, 2017 - Findings of Facts asserting that the property situated at 101 Centre Street is within the floodway and that the off-street parking to seat ratio was 1.5 to 1.

4) March 23, 2017 - Notice of Violation regarding the 300 Block of Main Street asserting that a concrete pad and structure was constructed, that shipping/storage containers are on the property and that the property is within a flood plain. Citing

- 5 -

§7.903 of the allegedly invalid 1986 ordinance, the notice threatens criminal sanctions for failure to comply.[3] The notice proceeds to inform plaintiffs of their right to appeal to the Zoning Hearing Board within twenty (20) days.

5) March 27, 2017 - Order to Show Cause in which no address was identified asserting a violation of the Pennsylvania Uniform Construction Code, that a building permit is necessary and ought to be obtained through Sowers' employer, and advising of a right to appeal to the Parryville Borough UCC Board, which plaintiffs again claim was non-existent at the time of the order.

---

[3] The notice provides:

> Failure to comply will result in further action in accordance with Section 7.903 which states, "Any person, firm or corporation violating any provision of this ordinance shall, upon conviction, be punished by a fine not to exceed $100 for any offense, recoverable with costs, together with judgement or imprisonment not exceeding thirty (30) days if the amount of said judgement is not paid. Each day that a violation is permitted shall constitute a separate offense.

(Doc. 15, Ex. 5).

6) March 27, 2017 - Order to Show Cause regarding the property situated at 162 Main Street asserting alteration to the property's foundation, advising of a right to appeal to the Parryville Borough UCC Board.

7) April 10, 2017 - Order to Show Cause regarding the property situated at 101 Centre Street asserting a violation of the Pennsylvania Uniform Construction Code, that a building permit is necessary and ought to be obtained through Sowers' employer and advising of a right to appeal to the Parryville Borough UCC Board.

8) April 10, 2017 - Notice of Violation regarding the property situated at 101 Centre Street alleging a violation, utilizing the same failure to comply language previously noted and, again, informing plaintiffs of their right to appeal.

9) July 24, 2017 - Notice of Violation regarding 204 Main Street alleging a violation, utilizing the same failure to comply language previously outlined and, again, informing plaintiffs of their right to appeal.

Plaintiffs allege that these correspondences contained misrepresentations of fact and were unlawful but were sent for the purpose of harassing and causing harm, damage and undue expense to Mr. Stemler. According to the amended complaint, plaintiffs were treated differently than other property owners, in that Borough officials enforced ordinances against them while ignoring glaring violations relating to defendant Emrey's property. While plaintiffs provide that nothing of substance came of the majority of the above described notices, orders and demands, defendants did pursue civil actions where plaintiffs failed to appeal to the Zoning Hearing Board upon issuance of a Notice of Violation and proceeded to a judgment uncontested. As of the filing of plaintiffs' amended complaint, defendants' civil proceedings against plaintiffs had apparently not been closed, as plaintiffs have filed appeals in those matters.

Plaintiffs contend that, although defendants had not for six years made any attempt to rewrite, rescind, or replace the allegedly invalid 1986 ordinance, shortly after they commenced this action, the ordinance was repealed during a special meeting, although the requirements for repeal

were apparently not satisfied.[4] Plaintiffs provide that they never received notice of the special meeting or that the alleged invalid ordinance had been repealed. Seemingly, plaintiffs allege that a replacement ordinance was not approved, and a zoning board was not appointed.

## III.  **LEGAL STANDARD**

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in

---

[4] The Parryville Zoning Ordinance posted to Parryville Borough's public website is dated July 1, 2017. Parryville Zoning Ordinance, parryville.org/?page_id=1335. Last accessed March 31, 2020.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## IV.    DISCUSSION

### A. SUBSTANTIVE DUE PROCESS.

Plaintiffs' first claim is brought pursuant to 42 U.S.C. §1983 and alleges a violation of their substantive due process rights. In support of their claim, plaintiffs allege that defendants "arbitrarily, willfully, and intentionally

disregarded the law on numerous occasions, schemed, plotted and testified falsely, with the intended purpose to interfere with, retaliate against, and harm plaintiffs' constitutional, personal, property and contractual rights." (Doc. 12, p. 22). According to the amended complaint, defendants' actions were motivated by self-interest and animosity towards Mr. Stemler. In response, defendants argue that plaintiffs have failed to allege any conscience shocking behavior in order to sustain a substantive due process claim.

In order to state a §1983 claim, a "plaintiff must demonstrate the defendant, acting under color of state law, deprived [plaintiff] of a right secured by the Constitution or the laws of the United States." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (*citing Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)*). To establish a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of the protected interest shocks the conscience." *Id.* (*citing United Artists Theatre Circuit, Inc. v. Township of Warrington, PA*, 316 F.3d 392, 400-02 (3d Cir. 2003)).

The Third Circuit has held that "ownership is a property interest worthy of substantive due process protection." *Id.* (*citing DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 600 (3d Cir. 1995)). However, even when a plaintiff alleges the deprivation of a fundamental property interest, the deprivation is actionable under substantive due process principles only when the conduct at issue is so irrational as to "shock the conscience." *United Artists*, 316 F.3d at 402 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 844-45 (1998)). Substantive due process is not aimed at government actions that are merely taken for an "improper purpose" or in "bad faith." *See United Artists*, 316 F.3d at 400-02; *Corneal v. Jackson Twp.*, 313 F.Supp.2d 457, 465-66 (M.D.Pa. 2003), *aff'd*, 94 Fed. Appx. 76 (3d Cir. 2004). "What 'shocks the conscience' is 'only the most egregious official conduct.'" *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citing *United* Artists, 316 F.3d at 400 (quoting *County of Sacramento*, 523 U.S. at 846)). In the land-use context, substantive due process claims are often unsuccessful, with the Third Circuit providing:

> every appeal by a disappointed developer from an adverse ruling
> of the local planning board involves some claim of legal authority,

but "[i]t is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under [42 U.S.C. §1983]."

*Sutton v. Chanceford Twp.*, 298 F.Supp.3d 790, 809 (M.D.Pa. 2018), *aff'd,* 763 Fed. Appx. 186 (3d Cir. 2019) (citing *United Artists*, 316 F.3d at 402 (citation omitted)). In fact, the Third Circuit has found that official conduct "shocks the conscience" only in limited circumstances.

> For example, evidence of "corruption or self-dealing" might meet this standard. *Eichenlaub*, 385 F.3d at 286. Likewise, a municipal action that reflects "bias against an ethnic group" could shock the conscience. *Id.* at 286. The Court suggested that a "virtual taking" of property might satisfy this standard. *Id.* In addition, a municipality's land-use decision that is animated by "hostility to constitutionally-protected activity on the premises" might be sufficiently outrageous, in some situations, to rise to conscience-shocking conduct. *Id.* at 285 (citing *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp.*, 270 F.Supp.2d 633 (E.D. Pa. 2003) (denying motion to dismiss complaint in which the plaintiff alleged that the municipality selectively enforced zoning regulations to restrict access to legal abortions).

*Id.*

In this matter, plaintiffs have failed to allege facts as found sufficient by the Third Circuit to state a substantive due process claim. Even to the extent plaintiffs allege that defendants' actions were motivated by self-interest and animosity toward Mr. Stemler, plaintiffs do not provide facts

- 14 -

supporting corruption or self-dealing in their amended complaint which the Third Circuit has stated could violate substantive due process. See *Eichenlaub*, 385 F.3d at 286. See also*, e.g., Giuliani v. Springfield Township,* 726 Fed.Appx. 118, 123 (3d Cir. 2018) (Where defendants' actions rested on revenge and spite, the court found no substantive due process violation where there was no evidence of corruption or self-dealing, such as bribery or an attempt by a Township official to acquire the property for themselves).

Further, plaintiffs' allegation that defendants disregarded the law on several occasions and knowingly enforced the alleged invalid 1986 zoning ordinance does not rise to the level of conscience shocking behavior, as such behavior may be a violation of state law but not a violation of substantive due process. See *Highway Materials, Inc. v. Whitemarsh Tp.*, 386 Fed.Appx. 251, 258 (3d Cir. 2010). *See also United Artists*, 316 F.3d at 402 (citing *Chesterfield Development Corp. v. City of* Chesterfield, 963 F.2d 1102, 1104-05 (8th Cir. 1992) ("decision would be the same even if the City had knowingly enforced the invalid zoning ordinance in bad faith . . . A bad-faith violation of state law remains only a violation of state law.")).

Because plaintiffs have failed to meet the high standard established for substantive due process violations, defendants' motion to dismiss Count I of the amended complaint will be **GRANTED**.

### B. PROCEDURAL DUE PROCESS

In Count II of the amended complaint, plaintiffs allege that defendants have caused enforcement actions and civil suits to be filed against them without basis and, in doing so, defendants invoked, or allowed to be invoked, the alleged unlawful ordinance which they had previously agreed to rewrite. According to plaintiffs, said actions sought to bring criminal sanctions against plaintiffs through the use of civil procedures. Defendants argue that plaintiffs were afforded procedures which have been held to satisfy federal due process.

When a plaintiff sues under 42 U.S.C. §1983, the court employs a "familiar two-stage analysis, inquiring (1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d

Cir. 2000) (internal citations and quotations omitted). There is no general requirement that a plaintiff exhaust their available remedies under *42 U.S.C. §1983*. *See Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, (1982). However, where a plaintiff, as here, brings a claim for violation of the right to procedural due process, a plaintiff "must have taken advantage of the processes that were available, unless those processes were patently inadequate." *Alvin v. Suzuki*, *supra*. *See also Garzella v. Borough of Dunmore*, 280 Fed.Appx. 169, 173 (3d Cir. 2008). "A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Id.* (*citing Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)).

"The Third Circuit has conclusively held Pennsylvania's statutory scheme adequately protects the procedural due process rights of a plaintiff challenging a municipality's zoning decisions." *Tri–County Concerned Citizens Ass'n v. Carr,* 2001 WL 1132227, at *5 (E.D.Pa. Sept. 18, 2001) (citing *Rogin v. Bensalem Twp.,* 616 F.2d 680, 694-95 (3d Cir.1980)). "Pennsylvania provides adequate due process because it provides reasonable remedies to rectify a legal error by a local administrative

body." *8131 Roosevelt Blvd. Corp. v. City of Phila.,* 2003 WL 57903, at *7 (E.D.Pa. Jan.6, 2002) (citing *Bello v. Walker,* 840 F.2d 1124, 1128 (3d Cir.1988)).

In this case, each notice of violation issued to plaintiffs explained the alleged violation, as well as the process of appeal which required plaintiffs to appeal the notice to the Borough's Zoning Hearing Board. Plaintiffs did not appeal any of the notices of violation. When plaintiffs failed to act, defendants pursued civil actions with regard to the notices of violation. *See Borough of Parryville v. Parryville Properties Too, LLC*, Docket Nos. MJ-56302-CV-0000152-2017, MJ-56302-CV-0000153-2017. The civil docket sheets reflect that defendants obtained uncontested judgments in those matters, after which plaintiffs pursued appeals through the state courts. In fact, at least one of those matters is still on-going. *See Borough of Parryville v. Parryville Properties Too, LLC*, 2020 WL 563509 (Pa.Cmwlth. Feb. 5, 2020). Because plaintiffs have an adequate remedy at state law to rectify any legal errors with respect to the notices of violation and, in fact, are actively pursuing those remedies, the court finds that the plaintiffs have failed to state a claim for due

process violations. As such, defendants' motion to dismiss Count II of the amended complaint will be **GRANTED**.

### C. **§1983 RETALIATION**

Count III of the amended complaint sets forth a §1983 retaliation claim. In support of this claim, plaintiffs allege that they engaged in constitutionally protected speech by making complaints with respect to the unkempt nature and obvious ordinance violations of defendant Emrey's property. In response, plaintiffs allege defendants caused baseless orders, notices and demands to be issued to them. In seeking to dismiss this count of the plaintiffs' amended complaint, defendants argue that plaintiffs have failed to properly allege a causal link between his alleged protected speech and the alleged retaliatory conduct of defendants.

To prevail on a First Amendment retaliation claim, plaintiffs must prove: "(1) that [they] engaged in a constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citing *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274 (3d Cir. 2004)).

- 19 -

In this case, the court initially notes that plaintiffs do not set forth any allegations in the facts of their complaint indicating that they made complaints with respect to the condition of defendant Emrey's property. The only mention of defendant Emrey's property in the facts is that "Parryville has selectively, arbitrarily and wrongfully endeavored to 'enforce' is [sic] ordinances against Plaintiffs all the while ignoring glaring violations, including those of Defendant Emry [sic]/relating to Emrey's property." (Doc. 12, p. 17, ¶55). In fact, upon review, the facts of the amended complaint seem to imply that it was the 2008/2009 litigation and subsequent agreement entered in January 2013 which prompted defendant Washburn and Emrey to want to "seek retribution."

Moreover, plaintiffs have failed to offer any facts that would support the finding that his alleged complaints about defendant Emrey's property were a substantial or motivating factor in the issuance of the orders, notices and demands. Plaintiffs simply allege that they made complaints at some unspecified time and then, in a conclusory manner, allege that defendants retaliated against them. Because plaintiffs have failed to allege sufficient facts of a causal connection between the alleged protected speech and

retaliation, an essential element of a §1983 retaliation claim, their claim must fail as a matter of law. For the reasons stated above, defendants' motion to dismiss Count III of the amended complaint will be **GRANTED**.

### D. §1983 CONSPIRACY

In Count IV of the amended complaint, plaintiffs allege that defendants "conspired, by agreement, to deprive, interfere, suppress, harass, threaten, intimidate, retaliate against, and harm Plaintiffs and their constitutionally-protected rights under the color of state authority." To the extent that defendants Washburn and Emrey were acting in their individual capacities, plaintiffs allege that they "furthered, or failed to prevent, and engaged in a conspiracy involving the other Defendants." Plaintiffs allege that defendants took "overt acts in a common purpose to interfere with and injure Plaintiffs' constitutional, property, and contractual rights."

The United Sates Supreme Court has outlined the required elements of a §1983 conspiracy claim. To succeed, the plaintiff must prove (1) that defendants deprived him of a right secured by the Constitution and laws of the United States and (2) that defendants deprived plaintiffs of this

constitutional right under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). To sustain a claim of conspiracy under §1983, there must be a finding of an actual violation of a constitutional right. *Dykes v. Southeastern Pennsylvania Transp. Authority*, 68 F.3d 1564, 1570 (3d Cir. 1995).

In this case, the court has found that plaintiffs have failed to successfully plead an underlying §1983 violation and thus a §1983 conspiracy claim cannot stand. Therefore, defendants' motion to dismiss Count IV of the complaint will be **GRANTED**.

### E. Remaining State Law Claims

Where a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3). It is within the court's discretion to determine whether it will exercise supplemental jurisdiction. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484

U.S. 343, 350 (1988). When only state law claims remain, typically, the balance of these factors indicates that the remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350.

Plaintiffs' amended complaint alleges the following state law claims: (1) civil conspiracy; (2) tortious interference; and (3) abuse of process. Because this court will dismiss all of plaintiffs' claims over which it has original jurisdiction, only the state law claims remain. This court will exercise its discretion and decline to exercise supplemental jurisdiction over the remaining claims.

## V.  CONCLUSION

For the reasons stated above, defendants' motion to dismiss **(Doc. 15)** will be **GRANTED** as to all claims over which this court has original jurisdiction. Moreover, the court will decline to exercise supplemental jurisdiction over the remaining state law claims. An appropriate order shall follow.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 13, 2020**
18-1763-01.dox